UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **PATRICK HARRELL** | **CIVIL ACTION NO. 13-2407** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY** | **MAG. JUDGE KAREN L. HAYES** |

RULING

Pending before the Court is Plaintiff Patrick Harrell's ("Harrell") Motion for Partial Summary Judgment [Doc. No. 12], in which he contends that this matter is not governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). For the following reasons, the motion is GRANTED.

**I.     FACTS**

Harrell is the President and 87.5 percent owner of Premier Food Group, LLC ("Premier"). On June 7, 2009, Defendant Northwestern Mutual Life Insurance Company ("Northwestern") issued a disability insurance policy, ID Number D1798269, to Harrell, who was the only person affiliated with Premier to be covered by the policy. Premier provided its employees with health insurance, but not through Northwestern. No other Premier employee was covered by a disability policy through Northwestern.[1] In February of 2011, Harrell filed a disability claim with

---

[1] Northwestern points out that Premier "may have" provided disability insurance to other employees. However, Harrell's affidavit states that he was the only Premier employee covered by a Northwestern disability policy and that Northwestern does not provide any Premier employees with health insurance. Northwestern failed to put forward any evidence to the contrary. Therefore, there are no genuine issues as to whether Northwestern provided disability insurance to any other Premier employees, and no issues as to whether Northwestern provided health insurance to any Premier employees.

Northwestern; the claim was denied, and Northwestern rescinded Harrell's policy on grounds of material misrepresentation in the policy application.

On June 6th, 2013, Harrell filed a Petition in the Fourth Judicial District of Ouachita Parish against Northwestern alleging, among other things, that Northwestern rescinded his policy of disability insurance without just cause. Thereafter, Northwestern removed the matter to this Court and submitted an answer and affirmative defenses. Northwestern claims that the disability policy at issue is part of an "employee benefit plan" covered by ERISA and that Harrell's state law claims are preempted.

On October 2, 2013, Harrell filed the instant Motion for Partial Summary Judgment in which he contends that this matter is not governed by ERISA. On June 16, 2014, Northwestern filed an opposition [Doc. No. 27], and Harrell filed a reply on July 3, 2014 [Doc. No. 31].

**II.     LAW AND ANALYSIS**

**A. Standard of Review**

As the removing party, Northwestern carries the burden of establishing jurisdiction. *See Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). ERISA governs this action if Harrell's disability policy qualifies as a "welfare benefit plan." *Meredith v. Time Ins. Co,* 980 F.2d 352, 355 (5th Cir. 1993). Whether a plan meets the statutory definition provided by ERISA is a question of fact. *See Provident Life & Acc. Ins. Co. v. Sharpless,* 364 F.3d 634, 638 (5th Cir. 2004). The Court may, however, decide the issue as a matter of law when the facts are undisputed. *See House v. Am. United Life Ins. Co.,* 499 F.3d 443, 448-49 (5th Cir. 2007).

**B. ERISA**

In order to determine whether the policy constitutes a welfare benefit plan, the court must

consider "whether a plan: (1) exists; (2) falls within the safe harbor provision established by the Department of Labor; and (3) satisfies the primary elements of an ERISA 'employee benefit plan' establishment or maintenance by an employer intending to benefit employees." *Meredith,* 980 F.2d at 355. The parties agree that a plan exists and that the safe harbor does not apply, but dispute whether the policy meets the elements of an employee benefits plan.

> **1. The Disability Policy Should be Severed and Analyzed Separately from the Employee Health Benefit Plan for ERISA Purposes because the Two Plans are not Sufficiently Related.**

This Court must first consider whether Harrell's disability plan and Premier's employee health benefits plan, which was not purchased through Northwestern, are components of a comprehensive employee welfare benefit plan collectively governed by ERISA. Northwestern alleges that the disability plan is merely a component of an overarching ERISA plan.

The Fifth Circuit rejected the component theory in *Robertson v. Alexander Grant & Company,* 798 F.2d 868, 871-72 (5th Cir. 1986). In *Robertson,* the court held that a retirement plan that covered only the company's owners was distinctly separate from a similar retirement plan provided exclusively to the employees; the court, therefore, analyzed the two plans separately for purposes of ERISA governance. *Id.*

District courts in this circuit confronting similar issues have concluded that plans covering only owners are to be analyzed separately from plans covering only employees, unless the two plans are sufficiently "related." *See Moss v. Unum Provident Group Corp.,* CIV. A. 10-0002, 2013 WL 837230, at *3 (W.D. La. March 6, 2013); *Hampton v. Provident Life & Accident Ins. Co.*, CIV. A. 99-1446, 1999 WL 1332189, at *1 (E.D. La. Dec. 3, 1999). Factors to consider in determining "whether plans are related include: (1) whether any employees have received benefits

under the policy; and (2) whether the policies were purchased at the same time, from the same insurer and for the same purpose." *Moss,* 2013 WL 837230, at *3 (citing *Slamen v. Paul Revere Life Insurance,* 166 F.3d 1102, 1105–06 (11th Cir. 1999)). In *Moss,* a physician's disability policy was severed from other disability policies held by other physicians in the group because the plans were not so intertwined as to constitute one overall benefit plan. *Moss,* 2013 WL 837230 at *4. The two policies were purchased from different insurers five years apart. *Id.* Further, the Plaintiff was the only person covered by the policy at issue. *Id.*

Applying these principles, Harrell's disability policy should be severed and analyzed separately from Premier's employee health benefits plan. First, Harrell was the only person covered by the policy. Second, the two policies were established for different purposes--one was a disability policy and the other was a health insurance policy. Third, the policies were purchased on different dates. Finally, different insurers issued the two policies. Therefore, the policies are not sufficiently related to be considered together, and Harrell's disability policy should be severed and addressed independently for determination of ERISA governance.

**2. Standing Alone, the Northwestern Disability Policy Does not Qualify as an ERISA Employee Benefit Plan Because it Covers only Harrell.**

As its full name suggests, the Employee Retirement Income Security Act was enacted with the primary purpose of protecting employees, not employers.[2] Courts have also recognized a

---

[2] ERISA was enacted to correct abuses occurring in the administration of private retirement plans. *See Robertson v. Alexander Grant & Co.,* 798 F.2d 868, 870 (5th Cir.1986)(citing S.Rep. No. 127 93d Cong., 2d Sess., *reprinted in* 1974 U.S.C.C.A.N. 4838, 4838–44). Further, employees "in the traditional employer-employee relationship are more vulnerable to abuses because they lack control and input over pension plan management. This concern does not arise where the benefit plan covers only the employer; such plans are excluded from ERISA's broad scope because when the employee and employer are one and the same, there is little need to regulate plan administration." *House v. Am. United Life Ins. Co.,* 499 F.3d 443,

secondary purpose: "Congress's intent of achieving uniformity in the law governing employment benefits," namely, avoiding the situation where one insured is required to pursue benefits under state law while "others covered by the identical policy [are required] to proceed under ERISA." *House v. Am. United Life Ins. Co.*, 499 F.3d 443, 452 (5th Cir. 2007) (citing *Hollis v. Provident Life and Accident Ins. Co.,* 259 F.3d 410, 416 (5th Cir. 2001).[3]  The Court is presented with the issue of whether a disability plan covering only the 87.5 percent owner of a closely held LLC qualifies as an ERISA employee benefit plan under *Meredith's* third prong.

To qualify as an employee benefit plan, the plan must cover at least one employee.[4] Unfortunately, ERISA defines an "employee" simply as "any individual employed by an employer," 29 U.S.C.A.§ 1002(6), and an "employer" broadly as "any person acting . . . as an employer, or . . . in the interest of an employer." *Id.* at § 1002(5).  The Supreme Court announced that a "working owner" may have dual status as both an employer and an employee for purposes of

---

at n. 7 (5th Cir. 2007)(citing *Robertson,* 798 F.2d at 870).

[3]*See also Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon,* 541 U.S. 1, 17–18 ("Recognizing the working owner as an ERISA-sheltered plan participant also avoids the anomaly that the same plan will be controlled by discrete regimes: federal-law governance for the nonowner employees; state-law governance for the working owner . . . . Excepting working owners from the federal Act's coverage would generate administrative difficulties and is hardly consistent with a national uniformity.")

[4] An ERISA employee benefit plan is defined as any plan which was "established or maintained by an employer . . .  for the purpose of providing" benefits for its participants "in the event of sickness, accident, disability, death or unemployment . . . ." 29 U.S.C.A. § 1002(1).  A plan "participant" encompasses "any employee or former employee of an employer . . . who is . . . eligible to receive a benefit . . . from an employee benefit plan." *Id.* at §(2)(B)(7).  Department of Labor regulations dictate that "any plan **under which no employees** are covered is not an ERISA plan, 29 C.F.R. § 2510.3-3(b), and that partners who wholly own a business are not normally employees of that business under ERISA.  *Id.* at (c)(2)(emphasis added).

ERISA. *See Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon,* 541 U.S. 1, 6 (2004). The *Yates* Court held that the sole shareholder of a medical corporation, who also worked for the corporation, may participate in an ERISA plan, provided that the "plan covers *one or more employees other than* the business owner and his or her spouse." *Id.* (emphasis added).

Applying *Yates,* the Fifth Circuit addressed whether a disability plan covering only the working owner partners of a law firm qualified as an employee benefit plan. Consistent with *Yates,* the *House* court noted that "ERISA does not govern a plan whose *only* fully vested beneficiaries are a company's owners (the partners)," but concluded that the disability policy qualified as an ERISA plan because the firm also provided similar disability benefits to the firm's associates through the same insurer. *House v. Am. United Life Ins. Co.*, 499 F.3d 443, 450 (5th Cir. 2007)(emphasis in original). The court held that the two plans were "sufficiently related and intertwined as to constitute one overall benefit plan." *Id.* at 452. The two policies had identical terms, were issued in identical certificates, and were governed by a single subscription agreement. *Id*. The *House* court acknowledged that the partners were not traditional employees in need of ERISA protections; however, the court was particularly concerned with the potential for conflicting state and federal governance over what was essentially the same disability plan. *See id.* (a "separate-plan holding would mean that partners and non-partner attorneys could assert identical claims," one under state law and the other under ERISA).

While *Yates* opened the door for working owners to have dual status as both an employer and an employee, it required that, in order for ERISA to control, employees in addition to the working owner be covered by the plan. Harrell, Premier's majority owner, is the only person

covered by the disability plan. Although he qualifies as a working owner,[5] and, therefore, potentially an employee for ERISA purposes, the disability plan at issue does not cover "one or more employees other than the business owner." *Yates,* 541 U.S. 1, at 6. Harrell cannot be both the working owner and the employee "other than the business owner" at the same time.[6] To hold otherwise would contravene ERISA's underpinnings: protection of employees and the need for "uniformity in the law governing employment benefits." *Hollis v. Provident Life and Accident Ins. Co.,* 259 F.3d 410, 416 (5th Cir. 2001)(quoting *Peterson v. Am. Life & Health Ins. Co.,* 48 F.3d 404, 409 (9th Cir. 1995). Harrell is not a vulnerable employee in need of ERISA's protections--he owns 87.5 percent of Premier and is his own employer. Nor are there additional at-risk employees covered by the policy. Further, unlike the situation in *House,* there is no danger of conflicting state and federal rulings regarding this policy because Harrell is the only person covered.

Northwestern cites *Provident* v. *Life & Acc. Ins. Co. v. Sharpless,* 364 F.3d 634 (5th Cir. 2004) for the proposition that a working owner shareholder "in a multiple shareholder corporation" is always an ERISA-covered employee, even when only that shareholder is covered by the policy. The *Sharpless* court did not hold that ERISA governs policies covering only one working owner of a multiple shareholder corporation; rather, the court held that a disability policy covering five shareholder doctors of a medical corporation was an ERISA-covered plan. *Id.* at 637. This case

---

[5] Harrell's deposition indicates that his job at Premier includes extensive involvement in the day to day operations of the company, including marketing, keeping the books, securing financing, inventory management, and oversight of logistics.

[6] This Court acknowledges that other courts in this district have concluded that plans covering only one shareholder in an LLC are governed by ERISA, i.e., that a working owner employee can be both the owner and the other employee covered by the plan simultaneously. See *Moss v. Unum Provident Group Corp., ,* CIV.A. 10-0002, 2013 WL 837230 (W.D. La. March 6, 2013).

differs from *Sharpless* and *Yates* in that the plan here covers only Harrell while the plan in *Yates* covered multiple employees in addition to the shareholder owner, and the plan in *Sharpless* covered multiple shareholders, all of whom qualified as working owner employees.

Further, *Sharpless* addressed a corporation, not an LLC. The Fifth Circuit has yet to determine whether working owners of a closely held LLC are to be treated differently than partners in a partnership. ERISA dictates that partners "in a partnership . . . shall not be deemed to be employees with respect to the partnership." 29 C.F.R. § 2510.3–3. The LLC is a relatively new corporate entity that in many regards closely resembles a partnership, and in Louisiana, as in many other states, an LLC is not treated as a corporation. *See* La. Rev. Stat. Ann. § 12:1301(A)(10)("No limited liability company . . . shall be deemed, described as, or referred to as . . . [a] corporation.") Even if shareholders in a multiple shareholder corporation can simultaneously be both the working owner and the only other "employee other than the business owner" under *Yates* and *Sharpless,* this Court holds that a disability plan covering only one member of a closely held LLC is not an ERISA plan.

### III. CONCLUSION

Because Harrell's disability policy is severable from Premier's health benefits program and because the policy covers Harrell and no other Premier employee, ERISA does not govern. Accordingly, Harrell's Motion for Partial Summary Judgment is GRANTED.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE